HONORABLE RICHARD A JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGELA BUEING,

    Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION ND, et al.,

    Defendants.

CASE NO. C18-54 RAJ

ORDER

This matter comes before the Court on Plaintiff's Motion Seeking Injunctive Relief Restraining the Foreclosure Sale of Property. Dkt. # 7. Defendant Quality Loan Service Corp. of Washington ("Quality") "takes no position on the motion other than the instant non-judicial foreclosure has been advanced in accordance with the requirement of the Deed of Trust Act . . . ." Dkt. # 14. Defendant U.S. Bank ("USB") received service

ORDER- 1

of the Motion, and the Court specifically requested a response, Dkt. # 9, but USB failed to respond. For the reasons that follow, the Court **GRANTS** the Motion.[1]

To obtain preliminary injunctive relief, Plaintiff must "establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008). The standard for a temporary restraining order is substantially the same. *ProtectMarriage.com - Yes on 8 v. Courage Campaign*, 680 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010) (citing *Winter*); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are "substantially identical").

Plaintiff showed that she is likely to succeed on her claim under Washington's Consumer Protection Act ("CPA"). A CPA claim requires proof of five elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). "[A] claim under the Washington CPA may be predicated upon a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." *Klem v. Washington Mut. Bank*, 295 P.3d 1179, 1187 (Wash. 2013).

Plaintiff states that USB deceived her into defaulting on payments, suggesting that this would lead her to be eligible for a loan modification program. Dkt. # 1 (Complaint) at ¶ 15. However, USB never accepted Plaintiff's loan modification applications. *Id.* at ¶¶ 16, 21. Plaintiff claims that USB's actions have caused her loan to grow and interest to accrue at a larger rate. *Id.* at ¶ 27. The Court finds that USB's alleged behavior carries

---

[1] The Court premises its Order on the alleged actions by USB, not by the Trustee.

a negative public interest impact. Though given the opportunity, USB does not dispute these claims and therefore the Court considers this an admission that Plaintiff's claim has merit. *See* Local Rules W.D. Wash. LCR 7(b)(2).[2]

Plaintiff will suffer irreparable harm if the foreclosure sale, scheduled for February 16, 2018, *see* Dkt. # 14 at 3, proceeds as scheduled. Moreover, the Court finds that the balance of equities tips in Plaintiff's favor, and that an injunction is in the public interest. **Accordingly, the Court issues a temporary restraining order enjoining the non-judicial foreclosure sale of the real property commonly known as 5700 141st St., S.W., Edmonds, Washington 98026.**[3]

Plaintiff asks the Court to waive the requirement to submit her monthly payments to the Court registry. **The Court declines the request and orders Plaintiff to submit her monthly payments of $2,666.00 to the Court registry as required by RCW 61.24.130(1). The Court orders Plaintiff to submit her first payment immediately upon receipt of this Order to satisfy her payment burden from January. Plaintiff's next payment is due on or before February 15, 2018, and she will be expected to submit payments on or before the 15th of each month while this Order is in place.**

The temporary restraining order will become effective upon formal service of this order and will remain in effect pending further order of this Court. **Defendants are**

---

[2] USB, after being properly served in this matter and after being informed that the Court expected a response to the pending Motion, failed to file any responsive pleading. *See* Local Rules W.D. Wash. LCR 7(b)(2) ("Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). Due to this failure, the Court finds that Plaintiff has met her burden at this stage and the Court will issue a temporary restraining order.

[3] The Court need only find likelihood of success on one claim. For the purpose of this Motion, Plaintiff carried her burden on her CPA claim, and therefore the Court need not analyze the remaining claims at this time. *See League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 760 (9th Cir. 2014).

**ordered to show cause on or before February 5, 2018 why the Court should not convert this temporary restraining order to a preliminary injunction.**

Dated this the 23rd day of January, 2018.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge